J-S40012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON LOZADA | |
| Appellant | No. 3184 EDA 2015 |

Appeal from the PCRA Order September 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107211-2004

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 20, 2016**

Jason Lozada appeals[1] *pro se* from the September 11, 2015 order dismissing his PCRA petition as untimely filed.  We affirm.

In 2004, Appellant was charged with rape of a child, aggravated indecent assault, statutory sexual assault, corruption of a minor, indecent assault, indecent exposure, simple assault, and reckless endangerment.  On September 28, 2004, Appellant placed his penis and fingers inside the vagina of an eleven-year-old child.  On January 23, 2007, after a jury was empaneled, Appellant elected to enter a negotiated guilty plea to rape by

---

[1] We note that Appellant's notice of appeal was mailed from prison on October 6, 2015, and is considered timely under the prisoner mailbox rule. ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997); ***Smith v. Pennsylvania Board of Probation and Parole***, 683 A.2d 278 (Pa. 1996).

forcible compulsion and corrupting a minor in exchange for a total term of imprisonment of eight and one-half to twenty years. The negotiated sentence was imposed that same day, and Appellant did not file a notice of appeal.

On October 24, 2014, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and, on July 2, 2015, petitioned to withdraw and filed a no-merit letter pursuant to **Commonwealth v. Turner***,* 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley***,* 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel, in his extensive no-merit letter, concluded that the October 24, 2014 PCRA petition was untimely. The PCRA court sent notice of its intent to dismiss the petition without a hearing, and, on September 11, 2015, dismissed it as untimely and permitted counsel to withdraw. This *pro se* appeal followed. Appellant presents these issues for our review:

> I. Whether the PCRA court erred as a matter of law and/or abused its discretion in allowing PCRA counsel to withdraw?
>
> II. Whether the PCRA court erred as a matter of law and/or abused its discretion in dismissing Appellant's PCRA as untimely filed and/or failing to fall under the exception provisions of 42 PA.C.S. §9545(b)(1)(i)- (iii)?
>
> III. Whether the PCRA Court erred as a matter of law and/or abused its discretion in dismissing without a hearing or otherwise granting Appellant relief on his claim that he was denied the effective assistance of counsel where his trial counsel erroneously advised him that, notwithstanding his plea of guilty, he would still be able to seek direct appellate review of the trial court's denial of his counseled motion to dismiss pursuant to Pa.R.Crim.P. 600?

Appellant's brief at 3.

We first outline our standard of review:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. ***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Rios***, 591 Pa. 583, 920 A.2d 790, 810 (2007).

***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011). ***Accord Commonwealth v. Bardo***, 105 A.3d 678, 685 (Pa. 2014) ("If supported by the record, the PCRA court's credibility determinations and factual findings are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.").

Before we can address the merits of any of Appellant's positions, we must determine whether Appellant's October 24, 2014 PCRA petition was timely filed as that issue implicates our jurisdiction. ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Id***. at 992 (citation omitted); ***see Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition has to be filed within one year of the date the defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we first must determine when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a direct appeal from his January 23, 2007 judgment of sentence, that sentence became final thirty days later, or on February 22, 2007. Appellant had until February 22, 2008, to file a timely PCRA petition, and his October 24, 2014 petition is patently untimely. There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's first position is that the no-merit letter filed by PCRA counsel was deficient in that it did not address his claims of ineffective assistance of plea counsel. Our review of the no-merit letter indicates that PCRA counsel outlined why the PCRA petition in question was untimely. Since the petition was untimely, none of Appellant's positions could be addressed on the merits. Hence, we reject Appellant's claim that the no-merit letter was faulty.

Appellant next avers that he filed a PCRA petition on April 30, 2007. He asserts that the clerk of courts should have docketed and processed that petition, and he invokes the governmental interference exception to the one-year time bar. We have reviewed the contents of the certified record. The record contains a petition for PCRA relief that was marked as received by the clerk of courts on October 24, 2014. That petition is Appellant's first filed petition and was entered on the docket the same date that it was received by the clerk of courts.

Attached as an exhibit to this filed October 24, 2014 PCRA petition is a copy of a document captioned as a petition for post-conviction relief. That copy was marked as received by the PCRA unit of the Philadelphia District Attorney's Office on April 30, 2007. The record does not contain a copy of a

post-conviction petition marked as received **by the clerk of courts** on April 30, 2007. Concomitantly, there is no docket entry indicating that a PCRA petition was filed on April 30, 2007. The clerk of courts committed no administrative error herein because there is no proof that the office received a PCRA petition in 2007 to docket and process. Accordingly, the governmental interference exception is inapplicable.

Simply put, Appellant did not **file** a petition seeking PCRA relief in 2007; he merely mailed one to the district attorney's office. Appellant provides no support for the proposition that the district attorney's office had a duty to ascertain if Appellant also properly filed the petition with the clerk of courts and, if not, to file it on his behalf. Since Appellant did not file a timely PCRA petition, we have no jurisdiction to entertain the merits of his third position, which pertains to plea counsel's ineffective assistance.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016